**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

NORTHFIELD INSURANCE COMPANY,
a foreign corporation,

Plaintiff,

v.

CASE NO:

SOHO EXPERIENTIAL, LLC, GLADYS RODRIGUEZ, and JOSE JUAN RODRIGUEZ LEDEZMA,

Defendants.
_______________________________________/

**COMPLAINT FOR DECLARATORY RELIEF**

NORTHFIELD INSURANCE COMPANY ("Northfield") sues SOHO EXPERIENTIAL, LLC, ("SOHO"), GLADYS RODRIGUEZ, and JOSE JUAN RODRIGUEZ LEDESMA (collectively referred to as "Rodriguez"), and alleges:

**NATURE OF ACTION**

1. This is an action for declaratory relief under 28 U.S.C. § 2201 regarding the insured's failure to comply with an "Insurance And Indemnification Required Of Contractors Or Subcontractors Working On Your Behalf" endorsement in its policy. Because the insured failed to comply, it is not entitled to coverage for a lawsuit involving its contractor.

**JURISDICTION AND VENUE**

2. Jurisdiction is proper because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in this district because a substantial part of the events giving rise to the claim occurred in this district. 28 U.S.C. § 1391(a)(2). Specifically, the subject insurance policy insures the business operations of the named insured that took place in this district, the underlying action is venued in this district, and the underlying claims accrued

in this district.

4. All conditions precedent have occurred, been performed, or have been waived.

## THE PARTIES

5. Northfield is an Iowa corporation with its principal place of business in Connecticut. For the purposes of this lawsuit, Northfield is a surplus lines insurance company under Fla. Stat. §§ 626.913-626.937 that issued a commercial general liability policy to SOHO.

6. SOHO is a New York limited liability company which has its principal place of business in New York City, New York. All of SOHO's members are citizens of New York or New Jersey. SOHO is the named insured under the Northfield policy and is a defendant in the underlying action.

7. Gladys Rodriguez is a citizen of the sovereign country of Venezuela. Gladys Rodriguez is the plaintiff in the underlying action against SOHO.

8. Jose Juan Rodriguez Ledezma is a citizen of the sovereign country of Venezuela. Jose Juan Rodriguez is also a plaintiff in the underlying action against SOHO.

## COMMON ALLEGATIONS

9. ***UNDERLYING ACTION:*** Rodriguez filed suit against SOHO and others in the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, in an action bearing Case No. 2016-012754 CA 01. A copy of the complaint is attached as Exhibit "A."

10. Rodriguez alleges SOHO was contracted by Turnberry Marketing Group, Inc. and Citigroup, Inc. ("Citigroup") to manage, supervise, and operate parking lot shuttle services at Aventura Mall, who, in turn, subcontracted the parking lot shuttle services to a company called Elevate Management and Marketing, Inc. ("Elevate"). (Ex. A, ¶8.)

11. Prior to December 20, 2014, Turnberry Marketing contracted with Citigroup to allow Citigroup to provide parking lot shuttle services at Aventura Mall to Citigroup credit card

holders around the Christmas holiday. (Ex. A, ¶14.)

12. Citigroup then subcontracted the management, operation and supervision of the parking lot shuttle program to SOHO. (Ex. A, ¶15.)

13. SOHO itself the subcontracted with two companies, Advantage Golf Cars, Inc., and Elevate, who provided drivers for the parking lot shuttles on the subject property. (Ex. A, ¶17.)

14. One of Elevate's drivers was Tim O'Hara ("O'Hara"). (Ex. A, ¶19.)

15. On December 20, 2014, Rodriguez was visiting Aventura Mall. (Ex A., ¶20.)

16. Upon arriving at the mall, a passenger shuttle golf cart, being operated by O'Hara, offered Rodriguez a ride to the mall entrance. (Ex. A, ¶21.)

17. Rodriguez agreed and began to alight onto the seat. Before she could fully situate herself, the driver caused the golf cart to move. Because she was not fully seated, Rodriguez lost her balance. She grabbed the golf cart shuttle for support, which resulted in her being dragged for a distance before she fell, suffering bodily injuries. (Ex. A, ¶¶ 22-24.)

18. Count IV of Rodriguez's complaint alleges SOHO was negligent in hiring Elevate and O'Hara to perform the parking lot shuttle services. (Ex.A, Count IV, ¶¶42-46.)

19. Jose Juan Rodriguez Ledezma also asserted a loss of consortium claim against SOHO, as he is Gladys Rodriguez's husband. (Ex. A, Count XI, ¶¶74-75.)

20. ***THE SOHO/ELEVATE CONTRACT:*** SOHO entered into a contract with Elevate, effective 04/02/2014 for Elevate to provide program services for SOHO in Florida, including the operation of the Citigroup shuttle program at Aventura Mall. A copy of the SOHO/Elevate contract is attached as Exhibit "B."

21. The SOHO/Elevate contract does not impose any requirement on Elevate to

provide and maintain Commercial General Liability insurance, nor does it require Elevate to name SOHO or any other party as an additional insured on Elevate's Commercial General Liability insurance policies. *See* Ex. B.

22. ***THE NORTHFIELD POLICY***: Northfield issued a commercial general liability policy to SOHO, bearing Policy No. WS199715, with coverage incepting on 08/05/2014 and terminating on 08/05/2015. A copy is attached as Exhibit "C."

23. In pertinent part, the insuring agreement in the commercial general liability coverage part consists of Form No. CG 01 63 04 09, titled "New York Changes Commercial General Liability Coverage Form", which provides:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> **A.** Paragraph **1. Insuring Agreement** of **Section I – Coverage A Bodily Injury and Property Damage Liability** is replaced by the following:
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. …

(Ex. C, Form No. CG 01 63 04 09)

24. The policy also includes Form No. S2809-CG (2/12), titled "Warranty Endorsement – Insurance And Indemnification Required Of Contractors Or Subcontractors Working On Your Behalf," which provides:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following is added to **SECTION IV- COMMERCIAL GENERAL LIABILITY CONDITIONS:**

## Insurance And Indemnification Requirements Regarding Contractors Or Subcontractors Working On Your Behalf

This insurance applies to liability arising out of "your work" performed by a contractor or subcontractor working directly or indirectly on your behalf only if:

**a.** Such contractor or subcontractor has Commercial General Liability insurance in effect, throughout the duration of that work and after that work is completed as described in Paragraph **c.(2)** below, with coverage and limits of insurance equal to or greater than the coverage provided under, and limits of insurance of, this Coverage Part;

**b.** Such contractor or subcontractor has agreed in writing to defend, indemnify and hold you and the project owner harmless from all liability arising out of that work;

**c.** Such contractor or subcontractor has agreed in writing to include you and the project owner as additional insureds on such contractor's or subcontractor's Commercial General Liability insurance policies. The insurance for the additional insured must:

**(1)** Include coverage that is not more limited than any requirement that the injury or damage must be caused, in whole or in part, by such contractor's or subcontractor's acts or omissions or the acts or omissions of those acting on its behalf;

**(2)** Include coverage for products and completed operations for at least the remainder of the policy period of the policy in effect at the time such contractor's or subcontractor's work is completed;

**(3)** Include a duty to defend, and pay defense costs for, suits seeking damages because of injury or damage to which that insurance applies; and

**(4)** Be primary to and noncontributory with any other available insurance; and

**d.** You obtain and maintain certificates of insurance from such contractor or subcontractor providing evidence of the insurance required in Paragraphs **a.** and **c.** above.

(Ex. C, Form No. S2809-CG (2/12))

25. The policy also includes Form No. 5267-CG (4/14), titled "Combination Endorsement – Bodily Injury And Property Damage Liability," which provides:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**PROVISIONS**

**C. AMENDMENT OF CONDITIONS - OTHER INSURANCE**

**1.** The following replaces the part of the first paragraph of Paragraph **4.**, **Other Insurance**, of **SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS** that precedes Paragraph **a.**:

If valid and collectible other insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited .as described in Paragraphs **a.** and **b.** below.

As used anywhere in this Coverage Part, other insurance means insurance, or the funding of losses, that is provided by, through or on behalf of:

**(i)** Another insurance company;

**(ii)** Us or any of our affiliated insurance companies, except when the Noncumulation of Each Occurrence Limit provision of Paragraph 5. of Section Ill- Limits Of Insurance applies or when the Noncumulation of Personal and Advertising Injury Limit provision of Paragraph 4. of Section Ill- Limits of Insurance applies if that provision is part of this policy;

**(iii)** Any risk retention group;

**(iv)** Any self-insurance method or program, including any failure to buy insurance, or decision to not buy insurance, for any reason, in which case the insured will be deemed to be the provider of other insurance; or

**(v)** Any similar risk transfer or risk management method.

Other insurance does not include umbrella insurance, or excess insurance, that you bought specifically to apply in excess of the Limits of Insurance shown in the Declarations for this Coverage Part.

**2.** The following replaces Paragraph **4.b.**, **Excess Insurance**, of **SECTION IV- COMMERCIAL GENERAL LIABILITY CONDITIONS**:

**b. Excess Insurance**

This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis …

**(5)** That is available to the insured when the insured has been added as an additional insured by attachment of an endorsement under any other insurance or is any other insured that is not a named insured under such insurance.

When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any provider of other insurance has a duty to defend the insured against that "suit". If no provider of other insurance defends, we will undertake to do so, but we will be entitled to the insured's rights against all those providers of other insurance.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

**(1)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

**(2)** The total of all deductible and self-insured amounts under all such other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision. …

(Ex. C, Form No. S267-CG (4/14)).

26. SOHO failed to comply with the conditions in the Warranty Endorsement.

a. SOHO's Contractors or Subcontractors, including but not limited to Elevate, failed to carry Commercial General Liability insurance with limits equal to or greater than the limits of the Northfield policy;

b. SOHO failed to enter into a written agreement requiring SOHO's contractors or subcontractors, including but not limited to Elevate, to carry Commercial General Liability insurance naming SOHO as an additional insured;

c. SOHO failed to obtain and maintain certificates of insurance from its contractors or subcontractors, including but not limited to Elevate, providing evidence of the insurance; and

d. Any other failures to satisfy the Warranty Endorsement's conditions as may be ascertained in discovery.

27. Northfield is defending SOHO under a reservation of rights.

**COUNT I - NO COVERAGE UNDER THE POLICY'S WARRANTY ENDORSEMENT**

28. Northfield incorporates paragraphs 1 through 27.

29. SOHO's failure to satisfy one or more of the conditions set forth in The Warranty Endorsement, including but not limited to the failure to be named as an insured under Elevate's insurance policy(ies), results in the exclusion of coverage for the Rodriguez's claims.

30. Since SOHO failed to satisfy all of the conditions of the Warranty Endorsement, Northfield has no obligation to defend or indemnify SOHO for the underlying action.

**COUNT II – EXCESS INSURANCE PROVISION**

31. Northfield incorporates paragraphs 1 through 27.

32. Alternatively, to the extent SOHO did comply with all of the conditions set forth in the Warranty Endorsement, then the Northfield policy is excess over any policy(ies) issued to Elevate that provide primary insurance coverage to SOHO as an additional insured.

33. Consequently, Northfield has no duty to defend or indemnify SOHO until such underlying insurance policy or policies issued to Elevate, and for which SOHO is an additional insured, are exhausted.

**REQUESTED RELIEF**

**WHEREFORE,** Northfield respectfully requests this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the policy;

b. Find that Northfield has no obligation to defend or indemnify SOHO in the underlying action;

c. Alternatively, to the extent that SOHO has complied with all the requirements of the Warranty Endorsement, that the Court declare that Northfield's policy is excess over any contractors' or subcontractors' insurance policies providing coverage to SOHO; and

d. Award Northfield all costs it incurred to prosecute this action, as well as any other relief that this Court deems equitable, just, and proper.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/JOHN J. CAVO
**SINA BAHADORAN**
Florida Bar No. 523364
sbahadoran@hinshalaw.com
**JOHN J. CAVO**
Florida Bar No. 0462764
jcavo@hinshawlaw.com
2525 Ponce de Leon Blvd., 4th Floor
Miami, Florida 33134
Tel: 305-358-7747
Fax: 305-577-1063